THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIELLE LATIMER, for Herself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY LLC,<br>DIRECTV, LLC,<br>JOHN DOE 1, and<br>DOES 2–20, inclusive,<br><br>                          Defendants. | No. 2:21-cv-00856-TL<br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

PLAINTIFF'S SUR-REPLY
21-CV-00856-TL

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA  98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

## **PLAINTIFF'S SUR-REPLY**

Plaintiff Danielle Latimer requests that this Court sever and remand her second claim, which seeks only injunctive relief under the Washington Commercial Electronic Mail Act ("CEMA"). Plaintiff makes her request for two reasons: the Court *can* sever and remand her CEMA claim, and the Court *should* in order to avoid imposing costs and prejudice on Plaintiff and on the state court.

**The Court Possesses The Authority To Sever And Remand A Claim Over Which It Lacks Jurisdiction.** To the degree that the Ninth Circuit has addressed the topic, the law places no restrictions on a trial court's ability to sever and remand individual claims over which it lacks jurisdiction. If anything, the Ninth Circuit is holding the door wide open to ultimately recognize the procedure: "A case that is properly removed in its entirety may nonetheless be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court." *Lee v. American National Ins. Co.*, 260 F.3d 997, 1007 (9th Cir. 2001). The *Lee* court did not definitively rule on the subject only because the appellant insisted that his case be remanded in its entirety, an argument the Ninth Circuit rejected. *Ibid.*

District courts squarely confronted with the issue have severed and remanded claims. In *Buscema v. Wal-Mart Stores East LP*, 485 F. Supp. 3d 1319, 1324 (D.N.M. 2020), the plaintiff filed in state court and alleged a first claim for individual money damages and a second claim for classwide injunctive relief—similar to this case. After removal under both traditional diversity jurisdiction (as to the individual monetary claim) and the Class Action Fairness Act (as to the classwide injunctive claim), the plaintiff sought remand, and the court retained jurisdiction over the first claim for individual monetary relief but severed and remanded the second claim for classwide injunctive relief. *Buscema*, 485 F. Supp. 3d at 1331. "[T]he Court agrees with Plaintiff that her class action claim for injunctive relief must be remanded to the Second Judicial District for lack of Article III standing. ... While the Court recognizes that such a partial remand is unusual, it finds that a partial remand is the most appropriate remedy in this situation under the caselaw." *Ibid.* The court cited *Lee*—indicating that *Lee* is read to allow severance and remand—and *Shaw v. Marriott Intern., Inc.*, 605 F.3d 1039 (D.C. Cir. 2010),

PLAINTIFF'S SUR-REPLY - 1
21-CV-00856-TL

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

which Plaintiff cited in her Opposition (p. 24).[1]

Similarly, in *Tarpon Transportation Services, Inc. v. Total Quality Logistics, LLC*, 2021 WL 3111641, *1 (M.D. Fla. July 22, 2021), the plaintiff filed a complaint in state court, and the defendant removed under traditional diversity jurisdiction and moved to dismiss. The Court found that it lacked jurisdiction over Count I and severed and remanded the count. "[T]he Court lacks jurisdiction over Count I. Total is incorrect, however, in arguing for dismissal of this claim. Because this case was removed from state court, the proper remedy is remand.... [¶] Additionally, Tarpon's lack of standing for Count I does not require remand of the entire case—the Court need only remand the claims over which it lacks jurisdiction." *Id.* at *3.

While Defendants AT&T Mobility LLC and DirecTV, LLC (collectively, "AT&T") will no doubt nitpick details of these decisions (and the ones cited in Plaintiff's Opposition), the bottom line is that federal district courts have in the past severed and remanded individual claims because they have the authority to do so. The decisions in *Buscema*, *Climer* (fn. 1, *supra*), *Northern Trust Corp.* (fn. 1, *supra*) and *Tarpon Transportation Services* (as well as in *Langford v. Gates*, 610 F. Supp. 120, 122 (C.D. Cal. 1985), and *Machlan v. Procter & Gamble*, 77 F. Supp. 3d 954 (N.D. Cal. 2015), which were cited in the Opposition) are all concrete examples of this authority being exercised in the real world. These precedents should be more persuasive to this Court than AT&T's ethereal concerns about the structure or alternative readings of the removal statutes. If the Court still deems this a close question, the tiebreaker is Fed.R.Civ.P. 21, which states in relevant part, "The court may also sever *any claim* against a party." (Emphasis added.) While Rule 21 may ordinarily be used to sever parties (Reply, p. 9), it expressly allows this Court to sever claims.

**Dismissing Count II Would Be Unfair And Prejudicial To Plaintiff, The Class, And**

---

[1] *Buscema* also cites (at p. 1330) *California v. Northern Trust Corp.*, 2013 WL 1561460, *5 (C.D. Cal. April 10, 2013) (in which the district court cited *Lee*, stated that "[t]he remand statute, 28 U.S.C. § 1447(c), does not, on its face, foreclose the possibility of partial remand where diversity jurisdiction exists as to all claims but a plaintiff lacks standing as to some claims," and remanded the first and third causes of action) and *Climer v. Twin City Fire Ins. Co.*, 2004 WL 1531796, *6 (N.D. Tex. July 8, 2004) (severing and remanding Texas Labor Code claim that had been removed under diversity jurisdiction).

PLAINTIFF'S SUR-REPLY - 2
21-CV-00856-TL

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

**The Snohomish County Superior Court.** The obvious prejudice of a dismissal is that it places Plaintiff **and the Class** in jeopardy of a statute of limitations defense upon re-filing. "In some cases, a plaintiff might forfeit an otherwise viable state-law claim because that claim was part of a removed diversity case which was subsequently determined to be beyond the federal court's power to decide, a result which might militate in favor of remanding, rather than dismissing, nonjusticiable state-law claims." *Lee*, 260 F.3d at 1006–07. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 352 (1988) ("potent reason" to remand). **In fact, if this Court dismisses (and does not remand) the injunctive relief cause of action (Claim II), then numerous Class members may forever lose their injunctive relief claims in state court concerning emails sent prior to March 2018.** (As the Complaint alleges at ¶ 40, "Based on information and belief, the defendants started to transmit such emails, conspire to transmit such emails, and/or assist in the transmitting of such emails in 2016.")

Other prejudice also inures from a dismissal. In *Carnegie-Mellon University*, 484 U.S. at 353, the U.S. Supreme Court explained in the context of pendant jurisdiction the reasons why remand was the less prejudicial option: "Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. **Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs**. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law." (Emphasis added.)

If this Court were to dismiss Claim II without prejudice, Plaintiff would be forced to incur the attorneys' fees involved in redrafting the Complaint, would have to pay again the $240 in Superior Court filing fees she previously paid and would have to pay to re-serve the two AT&T defendants with **a class action complaint for injunctive relief only**. The Snohomish County Superior Court would likewise expend resources originating a new action. None of these costs would be incurred if this Court remanded Count II—the fairer option.

PLAINTIFF'S SUR-REPLY - 3
21-CV-00856-TL

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

1  DATED this 22nd day of March, 2022.

                              HATTIS & LUKACS

                              By: */s/ Paul Karl Lukacs*
                              Paul Karl Lukacs, WSBA No. 56093
                              pkl@hattislaw.com
                              Daniel M. Hattis, WSBA No. 50428
                              dan@hattislaw.com
                              Che Corrington, WSBA No. 54241
                              che@hattislaw.com
                              HATTIS & LUKACS
                              400 108th Avenue NE, Suite 500
                              Bellevue, WA 98004
                              Phone 425.233.8650
                              Fax 425.412.7171

                              *Attorneys for Plaintiff Danielle Latimer and the Proposed Class*

PLAINTIFF'S SUR-REPLY - 4
21-CV-00856-TL

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington and the United States of America that on the 22nd day of March, 2022, the document attached hereto was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in the matter.

DATED this 22nd day of March, 2022.

*/s/ Che Corrington*
Che Corrington, WSBA No. 54241

PLAINTIFF'S SUR-REPLY - 5
21-CV-00856-TL

**HATTIS & LUKACS**
400 108th Avenue NE, Suite 500
Bellevue, WA 98004
425.233.8650 | FAX: 425.412.7171
www.hattislaw.com