United States District Court
Western District of Washington
at Seattle

| | |
|---|---|
| DANIELLE LATIMER,<br><br>                    Plaintiff,<br><br>     v.<br><br>AT&T MOBILITY LLC et al.,<br><br>                    Defendant. | CASE NO. 2:21-cv-00856-TL<br><br>Order on Defendants' Motion to Dismiss and Directing Partial Remand of Plaintiff's Second Cause of Action |

This matter is before the Court on the Motion of Defendants AT&T Mobility LLC and DirecTV, LLC to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. No. 11. Having reviewed the relevant record and briefing on this motion and having heard the Parties' oral arguments, the Court grants Defendants' motion, dismisses without prejudice Plaintiffs' request for injunctive relief under the Washington Consumer Protection Act ("CPA") in their first cause of action, and remands Plaintiffs' second cause of action under Washington's Commercial Electronic Mail Act ("CEMA") back to Snohomish County Superior Court (case number 21-2-02029-31).

Order on Defendants' Motion to Dismiss and Directing Partial Remand of Plaintiff's Second Cause of Action - 1

I. BACKGROUND

On May 3, 2021, named Plaintiff Danielle Latimer filed this class-action lawsuit in Snohomish County Superior Court (case number 21-2-02029-31) on behalf of herself, as a private attorney general, and on behalf of all other similarly situated Washington state residents (collectively, "Plaintiffs"). *See generally* Dkt. No. 1-2. Ms. Latimer asserts that she received an allegedly deceptive email communication in July 2018 that included a false and misleading subject line. *Id.* at ¶¶ 81-121. Upon information and belief, Ms. Latimer further alleges that Defendants transmitted comparable emails to other similarly situated Washington residents. *Id.* ¶¶ 94-95, 104-105.

The Complaint asserts two causes of action against AT&T Mobility LLC, DirecTV, LLC, AT&T Inc., and unnamed individual Defendants Does 1-20. In the first cause of action under the CPA, Plaintiffs seek statutory damages, other monetary relief, and prospective injunctive relief available to a "plaintiff who successfully pleads and proves a CEMA violation as a per se violation of the CPA." Dkt. No. 1-2 at ¶ 88. The second cause of action, a stand-alone CEMA claim, allows for only injunctive relief. *Id.* at ¶¶ 117-121. Ms. Latimer claims the deceptive emails violated both the CPA, as well as CEMA, which itself represents a *per se* CPA violation. *Id.* at ¶¶ 81-121.

On June 25, 2021, Defendants removed the case to the U.S. District Court for the Western District of Washington in Seattle based on diversity jurisdiction under the Class Action Fairness Act ("CAFA") and the class-wide statutory damages available under CEMA through the CPA. Dkt. No. 1. Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441, which allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Removal was proper in this case because Ms. Latimer could have asserted original jurisdiction in federal court for the CPA class-

1  action suit under CAFA. *See* 28 U.S.C. § 1332(d)(2). CAFA jurisdiction requires minimum
2  diversity and an aggregate amount in controversy of at least $5,000,000, exclusive of interest and
3  costs. *Id.*; *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 (9th Cir. 2020). The
4  Parties do not dispute that the case was properly removed under CAFA. *See generally* Dkt.
5  Nos. 11, 20, 21. On July 14, 2021, by stipulation of the Parties, AT&T Inc. was voluntarily
6  dismissed from this action. Dkt. Nos. 9, 10.

7  Defendants then filed the instant motion on July 26, 2021. Dkt. No. 11. Defendants argue
8  that Ms. Latimer lacks Article III standing to seek prospective injunctive relief because she
9  cannot establish imminent injury. *See generally id.* Without conceding liability, Defendants aver
10 that the email Ms. Latimer received was part of a limited email marketing campaign that ended
11 in 2018, and they have not since sent, nor do they intend to initiate, any similar email marketing
12 campaigns in the future. *Id.* at 2-3. Defendants therefore request dismissal of all claims for
13 prospective injunctive relief for lack of subject matter jurisdiction. *Id.* at 7. In response, Plaintiff
14 essentially concedes lack of standing to seek injunctive relief based on the state of federal
15 caselaw on imminent injury, agrees that the Court must dismiss without prejudice the request for
16 injunctive relief in the first cause of action, but asks the Court to remand the stand-alone CEMA
17 claim back to state court rather than dismissing that cause of action. *See generally* Dkt. No. 20.
18 In reply, Defendants argue that such a partial remand would be inappropriate and request instead
19 that the Court simply dismiss all claims for injunctive relief without prejudice, which would
20 allow Plaintiff to re-file any still viable injunctive claims in state court. *See generally* Dkt.
21 No. 21.

22 Before the Court ruled on Defendants' motion, the case was reassigned to the Honorable
23 Judge Tana Lin on December 13, 2021. On March 8, 2022, Judge Lin ordered additional briefing
24 regarding the Court's authority to partially remand a state law cause of action in a case for which

ORDER ON DEFENDANTS' MOTION TO DISMISS AND DIRECTING PARTIAL REMAND OF PLAINTIFF'S SECOND CAUSE OF
ACTION - 3

1    it retains original jurisdiction over part of the claims under CAFA. Dkt. No. 28. The Parties
2    submitted their additional briefing as requested. Plaintiffs point to cases involving similar
3    circumstances, although not directly analogous, that indicate such a partial remand would be
4    appropriate under circumstances such as these. *See generally* Dkt. No. 29. Defendants argue that
5    as a question of first impression, it comes down to statutory interpretation, and that partial
6    remand is precluded because it is not expressly authorized under the federal removal and remand
7    statutes. *See generally* Dkt. No. 30. Upon review of the additional briefing, the Court requested
8    oral argument to address the Court's authority to decline jurisdiction under the supplemental
9    jurisdiction statue and to clarify the Parties' respective positions on how they might be
10   prejudiced by the other Parties' requested disposition of the stand-alone CEMA claim. Oral
11   arguments were heard on May 16, 2022. Dkt. No. 31.

## II. DISCUSSION

Defendants challenge the Court's subject matter jurisdiction over certain aspects of Plaintiffs' case. Subject matter jurisdiction refers to "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis in original). A federal court is obligated to "police" its subject matter jurisdiction on an ongoing basis throughout a litigation to ensure it remains "within the bounds the Constitution and Congress have prescribed." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) ("[F]ederal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." (citing *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n. 12 (9th Cir.2012)).

Subject matter jurisdiction encompasses statutory grants of original jurisdiction, such as federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C.

§ 1332, as well as supplemental jurisdiction under 28 U.S.C. § 1367 for pendant claims that lack original jurisdiction.

Subject matter jurisdiction also encompasses doctrines of justiciability under Article III of the Constitution, such as standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) ("It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold [sic] requirement imposed by Article III of the Constitution."). Such threshold jurisdictional issues must be satisfied "separately for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (internal quotation omitted) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)).

District courts can choose in which order to analyze potential jurisdictional defects. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[T]here is no mandatory sequencing of jurisdictional issues." (internal quotations omitted)); *see also Cottonwood Env't L. Ctr. v. U.S. Sheep Experiment Station*, 752 F. App'x 523, 524 (9th Cir. 2019) (same). Indeed, the Ninth Circuit has stated "district courts do not overstep Article III limits when they decline jurisdiction of state-law claims on discretionary grounds without determining whether those claims fall within their pendent jurisdiction." *Wilbur v. Locke*, 423 F.3d 1101, 1106 (9th Cir. 2005), *abrogated on other grounds by Levin v. Com. Energy, Inc.*, 560 U.S. 413 (2010). As the Supreme Court has observed, "it is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG*, 526 U.S. at 585.

**A.    Subject Matter Jurisdiction for Plaintiff's First Cause of Action: CEMA Violation as a *Per Se* CPA Violation with Claims for Monetary and Injunctive Relief**

As discussed above, the Court has original jurisdiction to hear Plaintiffs' first cause of action under CAFA. The Parties agree that Ms. Latimer has Article III standing to seek statutory

damages and other non-injunctive relief for a CEMA violation raised as a *per se* violation of the CPA under this cause of action. Dkt. Nos. 20 at 9, 21 at 10. However, Defendants move to dismiss the request for injunctive relief for Plaintiffs' first cause of action because the Court lacks subject matter jurisdiction to provide the requested injunctive relief. *See generally* Dkt. No. 11 at 8-11. Plaintiffs agree that Ms. Latimer lacks standing in federal court to seek the requested injunctive relief in the first cause of action. Dkt. No. 20 at 9.

Upon review of the Parties' arguments and the relevant case law, the Court agrees that Article III standing to seek prospective injunctive relief as to any claims arising under Plaintiffs' first cause of action is lacking. To assert standing for prospective injunctive relief, Ms. Latimer must establish "a 'likelihood of substantial and immediate irreparable injury.'" *Lyons*, 461 U.S. at 111 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 501 (1974)). This analysis requires a showing of a "real or immediate threat that the plaintiff will be wronged again." *Id.* Defendants aver that the email Ms. Latimer received was part of a limited email marketing campaign that ended in 2018, and that they have not since sent, nor do they intend to initiate, any similar email marketing campaigns in the future. Dkt. No. 21 at 8-9. Plaintiffs decline to contest imminence as currently defined under federal case law. Dkt. No. 20 at 9. Therefore, Plaintiffs lack standing to proceed with their claims for injunctive relief.

Dismissal of claims "for lack of subject matter jurisdiction should be [] without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.1988) (dismissing with prejudice nonetheless because sovereign immunity provided an absolute bar to suit). The Parties agree that Plaintiffs' lack of standing with regard to the claim for injunctive relief for the first count should result in a dismissal of that part of the claim without prejudice. Dkt. Nos. 20 at 23-24; Dkt. No. 21 at 12. Therefore, the Court

DISMISSES WITHOUT PREJUDICE Plaintiffs' claims for injunctive relief as to the first cause of action.

B.  **Subject Matter Jurisdiction for Plaintiffs' Second Cause of Action: Stand-Alone CEMA Claim for Injunctive Relief**

Defendants argue that the Court does not have subject matter jurisdiction over the stand-alone CEMA claim (which only allows for prospective injunctive relief) because Plaintiffs lack standing in federal court. Dkt. No. 11 at 8-11. As with the first cause of action, Plaintiffs do not contest imminence as currently defined under federal case law. Dkt. No. 20 at 9.

The major point of contention with respect to the second cause of action is whether the count should be dismissed without prejudice or remanded to the state court. The Parties spend a significant amount of time briefing remand under 28 U.S.C. § 1447(c) and the paucity of guidance on the issue of severance and remand versus dismissal. *See, e.g.*, Dkt. Nos. 21 at 12-18,[1] 29 at 2-3. While the Court agrees that there is not clear guidance on this issue, the Ninth Circuit did recently suggest that remand under 28 U.S.C. § 1367(c)(3) of state claims "might be particularly advisable" where a claim for prospective relief which is moot in federal court might not be moot in state court." *Platt v. Moore*, 15 F.4th 895, 909 (9th Cir. 2021). Defendants raised the district court decision in *Platt* in their briefing, Dkt. No. 21 at 12, n.3, and the Court specifically asked the Parties to be prepared to address at oral argument whether it should decline supplemental jurisdiction over the second cause of action.

Unlike the first cause of action, Plaintiffs' second cause of action has no independent source of original jurisdiction in federal court. Thus, the source of the Court's statutory

---

[1] Defendants point to examples of courts choosing not to exercise their discretion to partially remand claims in diversity cases. *See* Dkt. No. 21 at 8-9, n.4 (collecting case). They assert that these examples include "numerous courts . . . in the Ninth Circuit," *id.*, yet none of the cases cited are Ninth Circuit cases. Regardless, none of Defendants' cases conclude that a partial remand is categorically barred in diversity cases.

ORDER ON DEFENDANTS' MOTION TO DISMISS AND DIRECTING PARTIAL REMAND OF PLAINTIFF'S SECOND CAUSE OF ACTION - 7

jurisdiction for the claim must arise through the Court's application of supplemental jurisdiction. *See Echevarria v. Aerotek, Inc.*, 814 F. App'x 321, 322 (9th Cir. 2020) (holding that "[t]he district court was [] limited to supplemental jurisdiction over" a pendant state law claim removed with a dismissed CAFA claim).

A district court's exercise of supplemental jurisdiction is discretionary, since "under the statutory scheme, while courts 'shall' have supplemental jurisdiction under § 1367(a), they 'may' decline to exercise it under § 1367(c)." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Section 1367(c) authorizes courts to decline supplemental jurisdiction for pendant claims in four circumstances, because (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in other exceptional circumstances. 28 U.S.C. § 1367(c).

Under the facts of this case and pursuant to the suggestion in *Platt*, the Court declines to exercise supplemental jurisdiction over Plaintiffs' stand-alone CEMA claim pursuant to § 1367(c)(1) and (4).

1. Stand-Alone CEMA Claim Raises Novel Issues of State Law

The Court finds that unresolved state law issues regarding the stand-alone CEMA claim justify declining supplemental jurisdiction under 28 U.S.C. § 1367(c)(1). For example, at oral argument, Plaintiffs noted that the question of which statute of limitations applies to the stand-alone CEMA claim has never been definitively resolved by any state court. Defendants countered that the question was addressed in one case out of the Eastern District of Washington, which concluded that Washington's two-year catchall statute of limitations would apply to a stand-alone CEMA claim because that statute does not specify a limitations period. *Gordon v. BAC Home Loans Servicing, LP*, 2011 WL 13228393, at *2 (E.D. Wash. Feb. 11, 2011). The

*Gordon* court further concluded that the plaintiff was also barred from asserting an embedded CEMA claim as a *per se* CPA violation past the two-year statute of limitation that applied to the stand-alone CEMA claim, but the court provided no explanation or analysis for its conclusion. *See id.* The Court is not convinced that a state court would reach these same conclusions, since the CPA expressly authorizes suits for unfair or deceptive practices where the claimant alleges a practice that "[v]iolates a statute that incorporates" the CPA (RCW 19.86.093) such as CEMA (RCW 19.190.100), and other courts have generally applied the CPA's four-year statute of limitations for claims under RCW 19.86.093. *See, e.g.*, *Westcott v. Wells Fargo Bank, N.A*, 862 F. Supp. 2d 1111, 1118 (W.D. Wash. 2012); *Victor v. U.S. Bank*, 2016 WL 792420, at *3 (E.D. Wash. Feb. 29, 2016). Additionally, any challenge on statute of limitations grounds would necessarily require consideration of equitable tolling issues that would best be heard in state court.

Another example of an unresolved question of state law is whether Plaintiffs would have standing in state court to seek the statutorily authorized injunctive relief for their stand-alone CEMA claim. While the Parties' briefed this issue (*see* Dkt. Nos. 20 at 19, 21 at 17), neither Party produced a definitive answer from any state court as to whether Plaintiffs would be barred from raising their stand-alone CEMA claim for the same or similar reasons that they lack standing in federal court.

 2. <u>Unique Circumstances Present Compelling Reasons to Decline Supplemental Jurisdiction for Stand-Alone CEMA Claim</u>

This case also presents sufficient reasons for the Court to exercise its discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(4). A Court's decision to apply § 1367(c)(4) requires a two-step inquiry: (1) the Court must articulate the exceptional circumstances present in the instant case, and (2) the Court must conclude that "compelling reasons" to decline

supplemental jurisdiction exist that "best serve[] the principles of economy, convenience, fairness, and comity." *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (internal quotations and citations omitted); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *Acri*, 114 F.3d at 1001 (referring to these considerations as the "*Gibbs* values" stemming from *Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). Neither of these inquiries are "particularly burdensome." *Arroyo,* 19 F.4th at 1212.

### a) Exceptional Circumstances

Ninth Circuit caselaw "offers little guidance as to what might constitute the sort of 'exceptional circumstances' that would permit an exercise of case-specific discretion to decline supplemental jurisdiction under § 1367(c)(4)." *Arroyo,* 19 F.4th at 1211. At the very least, the phrase "extends to highly unusual situations that threaten to have a substantial adverse impact on the core *Gibbs* values of economy, convenience, fairness, and comity." *Id.* (internal quotations and citation omitted). The exceptional circumstances in this case arise from the unique statutory scheme under which the relevant state law claims arise, as well as the possibility that Plaintiffs (in whole or in part) may be deprived of prospective injunctive relief that would otherwise be available because of Defendants' procedural maneuvering.

In *Arroyo*, the Ninth Circuit concluded that due to the "unique configuration of laws" in California regarding disability discrimination claims, the district court did not abuse its discretion in finding exceptional circumstances existed under § 1367(c)(4) and declining to hear the state law claims in federal court where doing so "threaten[ed] to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Id.* at 1211-13. The Court finds the instant case presents similar concerns.

Washington's unique statutory scheme under the CPA and CEMA allows for plaintiffs to seek injunctive relief for statutory violations but authorizes damages only for specific violations under specific circumstances. *See Wright v. Lyft, Inc.*, 2016 WL 7971290, at *3-6 (W.D. Wash. Apr. 15, 2016) (chronicling CEMA's and CPA's "labyrinthine statutory scheme" and the available relief authorized by the statutes); *see also Gragg v. Orange Cab Co.*, 145 F. Supp. 3d 1046, 1050-53 (W.D. Wash. 2015). Although the Parties disagree about the viability of Plaintiffs' stand-alone CEMA claim in state court, there is no dispute that by availing itself of federal removal procedures, Defendants effectively cut off Plaintiffs' access to the prospective injunctive relief the state legislature envisioned being available under the statutes. Dkt. Nos. 11 at 8-11; Dkt. No. 20 at 9. As in *Arroyo*, retaining jurisdiction over the stand-alone CEMA claim threatens to undermine Washington's "carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." 19 F.4th at 1213.

The Court also finds instructive the Ninth Circuit's decision in *Platt*. Originally filed in Arizona state court, *Platt* included both federal and state constitutional due process claims that were removed on federal question grounds. *Id.* at 900. Most of the claims, including all state law claims, were dismissed on Rule 12 motions, and the remaining federal due process claims were later disposed of by judgment on the pleadings. *Id.*

The *Platt* plaintiffs appealed the dismissal of some of the state law claims and requested, "regardless of whether those claims are reinstated, the case be remanded to state court so that they can pursue their claims for prospective relief." *Id.* at 900-01. After reviving some of the plaintiffs' state law claims, the Ninth Circuit instructed the district court to consider declining supplemental jurisdiction for the revived claims per 28 U.S.C. § 1367(c) and remanding them back to Arizona state court. *Id.* at 909. While noting that 28 U.S.C. § 1447(c) was not applicable

because the state law due process claims for nominal damages remained justiciable in federal court, the Ninth Circuit nonetheless suggested that remand might be "particularly advisable" given the Platts' claims for prospective relief, which they conceded were moot in federal court, might not be moot in the courts of Arizona. *Id.* Although the Court is invoking different exceptions under § 1367(c) in this case, the reasoning is the same. Here, as in *Platt*, "remand might be particularly advisable" since it is unclear whether Plaintiffs' stand-alone CEMA claim for prospective relief, which they concede is not justiciable in federal court, is nonetheless justiciable in state court.

Finally, in a different context, the Ninth Circuit has suggested on at least one other occasion that partial remand might be appropriate where plaintiffs may forfeit otherwise viable state law claims, suggesting that such a ground would qualify as an exceptional circumstance. In *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997 (9th Cir. 2001), the Ninth Circuit noted that "[i]n some cases, a plaintiff might forfeit an otherwise viable state-law claim because that claim was part of a removed diversity case which was subsequently determined to be beyond the federal court's power to decide, a result which might militate in favor of remanding, rather than dismissing, nonjusticiable state-law claims." *Id.* at 1006-07 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (opining that plaintiff's forfeiting of viable state-law claims is a "potent reason" for allowing district courts to remand remaining state-law claims initially removed pursuant to the district courts' supplemental jurisdiction)).[2]

The Court believes that *Arroyo*, *Platt*, and *Lee* support a finding that the potential deprivation of Plaintiffs' ability to pursue prospective injunctive relief that might otherwise be

---

[2] The partial remand issue was not presented in argument for consideration on appeal in *Lee*, so the Ninth Circuit did not address whether it would be proper to remand only certain claims under § 1447(c) to state court. 260 F.3d at 1007, 1008.

ORDER ON DEFENDANTS' MOTION TO DISMISS AND DIRECTING PARTIAL REMAND OF PLAINTIFF'S SECOND CAUSE OF ACTION - 12

available because of Defendants' procedural maneuvering qualifies as an exceptional circumstance, justifying the declination of supplemental jurisdiction under § 1367(c)(4).

      b)  *Compelling Reasons in the Interest of Economy, Convenience, Fairness, and Comity*

Next, the Court considers what best serves the principles of economy, convenience, fairness, and comity. *Arroyo*, 19 F.4th at 1210.

Judicial economy generally weighs against splitting claims. However, this case has not progressed passed the initial pleadings stage. Therefore, the Court considers this value to be neutral.

Plaintiffs have raised viable arguments invoking serious questions of convenience, fairness, and comity in their briefing (although not specifically in relation to supplemental jurisdiction but in arguing for the Court to remand rather than dismiss the stand-alone CEMA claim) and at oral argument addressing the Court's question regarding the Parties' respective prejudice concerns. *See, e.g.*, Dkt. No. 20 at 18-23 (disputing Defendants' claim that Plaintiff would lack standing to seek injunctive relief under CEMA in state court); *id.* at 27-28 (quoting Judge Berzon's concurrence in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 968 n.4 (9th Cir. 2018), to argue that "—that a defendant should not be able to strip a plaintiff of remedies dictated by state law by removing to federal court"). Plaintiffs also point out that the Supreme Court has explained that "[a]ny time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs." *Carnegie-Mellon University*, 484 U.S. at 353. Accordingly, the Supreme Court noted that "[d]ismissal of the claim therefore will increase both the expense and the time involved in enforcing state law." *Id.*

Although Defendants dispute that Plaintiffs' concerns require remand (Dkt. No. 21 at 15), Defendants do not convincingly dispute that they implicate the principals of convenience, fairness, and comity.[3] Instead, at oral argument, Defendants argued that the Supreme Court's holding in *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 350-53 (2006), precludes the Court from considering the discretionary application of § 1367(c) exceptions in this case. In *DaimlerChrysler*, the plaintiffs argued that they had taxpayer standing over all their claims because they had standing for one of their claims with which their remaining claims shared a sufficient common nucleus of operative fact to allow for supplemental jurisdiction under § 1367(a). *Id.* at 350-351. The Court in *DaimlerChrysler* never addressed the application of § 1367(c) exceptions. Instead, that case simply stands for the proposition that a court cannot exercise § 1367(a) supplemental jurisdiction over a claim that lacks Article III standing. *Id.* at 351-52. Nothing in *DaimlerChrysler* requires a Court to find that a plaintiff actually has standing before exercising its discretion *not* to exert supplemental jurisdiction over pendant state law claims. *C.f. Sinochem Int'l Co.*, 549 U.S. at 431 ("[T]here is no mandatory sequencing of jurisdictional issues." (internal quotations omitted)); *see also Ruhrgas AG*, 526 U.S. at 585 ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits."); *see also infra* § II.C.

On balance, the Court finds that declining supplemental jurisdiction best serves the interests of economy, convenience, fairness, and comity.

---

[3] Defendants' argument that "'Congress already considered the principles of fairness and comity when it passed CAFA,'" is unavailing because the stand-alone CEMA claim does not have original CAFA jurisdiction. *See* Dkt. No. 21 at 15 (quoting *Cabral v. Supple, LLC*, 2016 WL 1180143, at *4 (C.D. Cal. Mar. 24, 2016)).

ORDER ON DEFENDANTS' MOTION TO DISMISS AND DIRECTING PARTIAL REMAND OF PLAINTIFF'S SECOND CAUSE OF ACTION - 14

### C. Article III Standing for Second Cause of Action

In addition to the reasons stated in the previous section, the Court need not, and indeed should not, address whether Plaintiffs have standing to assert the claim in federal court since it chooses, in its discretion, not to exercise supplemental jurisdiction over Plaintiffs' pendant stand-alone CEMA claim. *See Sinochem Int'l Co.*, 549 U.S. at 431; *see also Ruhrgas AG*, 526 U.S. at 585. "Ordinarily, a court cannot issue a ruling on the merits 'when it has no jurisdiction' because 'to do so is, by very definition, for a court to act ultra vires,'" or outside its powers. *Brownback v. King*, 141 S. Ct. 740, 749 (2021) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)); *see also Black v. Payne*, 591 F.2d 83, 86, n.1 (9th Cir. 1979) ("Had the district court meant only to dismiss for lack of subject matter jurisdiction, [] a judgment on the merits would be inappropriate.").

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion (Dkt. No. 11), DISMISSES WITHOUT PREJUDICE all claims for injunctive relief in Plaintiffs' first cause of action, and REMANDS the stand-alone CEMA claim in Plaintiffs' second cause of action back to Snohomish County Superior Court (case number 21-2-02029-31).

Dated this 1st day of June 2022.

Tana Lin
United States District Judge